Scruggs *et al. v.* Electric Paint & Varnish Co.*

(Division B. Nov. 2, 1925.)

[105 So. 746. No. 25136.]

1. Exemptions. *Public officer's salary exempt while in hands of government disbursing agent.*

    Salary of a public officer, while in hands of government disbursing agent, cannot, by legal process, be subjected to payment of officer's private debts.

2. Exemptions. *Salary warrant of county assessor still in hands of clerk of board as disbursing officer, notwithstanding assignment by assessor and notice to clerk.*

    Salary warrant of county assessor is still in hands of clerk of board of supervisors as public disbursing officer of county, and so exempt from execution on judgment for assessor's private debt, notwithstanding assessor's written assignment and notice thereof to clerk.

3. Execution. *Where plaintiff does not establish liability of property to execution, claimant's issue not triable.*

    Under chapter on "'Trial of Right of Property" (Code 1906, sections 4990-5001 [Hemingway's Code, sections 3264-3275]), claimant's issue and right between third person and defendant in execution is not triable, where plaintiff in execution does not succeed in establishing that personal property seized is liable to execution.

_____

*Headnotes 1. Executions, 23 C. J., Section 62; Exemptions, 25 C. J., Section 116; Garnishment, 28 C. J., Section 219; Exemption of public officer's salary from claims of his creditors, see note in 54 L. R. A. 566 et seq. 22 R. C. L., p. 547; 2. Executions, 23 C. J., Section 62; 3. Executions, 23 C. J., Section 525 (Anno).

Appeal from circuit court of Leflore county.
Hon. S. F. Davis, Judge.

Trial of right of property between the Electric Paint & Varnish Company, plaintiff in execution, Leonard Scruggs, defendant in execution, and the National Bank of Greenwood, claimant. Judgment for plaintiff in ex-

ecution, and the other parties appeal. Reversed and judgment rendered.

*H. C. Mounger,* for appellants.

The question presented is one of first impression in this state, and is whether an officer's salary can be taken under execution. Leonard Scruggs was the assessor of Leflore county. He was on a salary basis. Being indebted to The First National Bank, he assigned his warrant on June 7, 1923, for the month of September, 1923, to secure this debt. Said assignment was brought to the notice of the chancery clerk and he accepted it and notice thereof in writing.

On August 23, 1923, and after this assignment, the Electric Paint & Varnish Company secured a judgment against Scruggs for one hundred eighty-six dollars, and costs, but said judgment was never enrolled. On September 28, 1923, an execution was levied under said judgment on said salary warrant while in the hands of the clerk.

Our contention is that the salary of the assessor was not subject to execution, being exempt from the general principle of public policy. Under the general law, as laid down by all the states, .it is held that it is against public policy to garnish, attach, or levy on the salary of a public officer.

The rule is established, not for the benefit or protection of the officer, but for the benefit and protection of the public. The office of assessor is a constitutional office. Section 135 of the state constitution. The legislature even cannot abolish these offices. *Magee* v. *Brister,* 108 Miss. 614; *Fidelity & Deposit Co.* v. *Wilkerson,* 109 Miss. 879.

But such proceedings as the one in question might, in some instances, practically abolish the office, and in many instances hamper the performance of the duties thereof.

In order that the duties of the office may be satisfactorily performed, the Constitution, by section 267, provides that the officer must personally devote his time to the performance of the duties thereof. He could not do this unless he has a salary assured to him so it cannot be interfered with.

In *Dickson* v. *Johnson,* 96 Am. St. Rep. 443, will be found an extensive note upon the subject, from which we quote: ''The General Rule and Reasons Therefor— It is well-nigh universally established, as a general proposition, that the salary of a public officer cannot, while in the hands of a disbursing agent of the government, be diverted from its legitimate object by attachment, execution, or other process, and subjected to the payment of his private debts: *Moll* v. *Sbisa,* 51 La. Ann. 290, 25 So. 141; *Keyser* v. *Rice,* 47 Md. 203, 28 Am. Rep. 448; *Shinn* v. *Zimmerman,* 23 N. J. L. 150, 60 Am. Dec. 260; *Waldman* v. *O'Donnell,* 57 How. Pr. 215; *Remmey* v. *Ged ney,* 57 How. Pr. 217; *Hutchinson* v. *Gormley,* 48 Pa. St. 270. The exemption is not for the personal benefit of the officer, but is for the protection of the public. There is danger that the public service would be impaired if municipalities could be drawn into controversies in which they have no interest, or if their servants should be hampered in the performance of their duties by having their remuneration intercepted by their creditors. These two considerations of public policy—the latter probably being the more potent—are assigned as justification for the exemption of the compensation of public officers from the claims of their creditors. *Roeller* v. *Ames,* 33 Minn. 132, 22 N. W. 177.

''In the absence of a statutory declaration to the contrary, the salary of a state officer in the hands of a disbursing agent of the government cannot be subjected to the payment of his debts by garnishment: *Wicks* v. *Branch,* 12 Ala. 594; *McMeekin* v. *State,* 9 Ark. 553; *Farmers Bank* v. *Ball,* 2 Penne. (Del.), 374, 46 Atl. 751; *Divine* v. *Harvie,* 7 T. B. Mon. (Ky.) 439, 18 Am.

Dec. 194; *Wild* v. *Ferguson,* 23 La. Ann. 752; *Bank of Tenn.* v. *Dibrell,* 35 Tenn. (3 Sneed) 379; *Blair* v. *Marye,* 80 Va. 485. Such salary, it may be said in general, is not subject to any judicial process at the instance of creditors: *Simpson* v. *Turner,* 76 N. C. 115. And a like exemption exists in favor of an officer of the United States, or of the District of Columbia: *Buchanan* v. *Alexander,* 4 How. 20; *Der* v. *Lubey,* 1 McAr. 187. The reason for this rule of law, as hereinbefore considered at length, is the preservation of the public service from impairment.'' To like effect see note in 54 L. R. A. 566; 22 R. C. L. 547; 23 C. J. 334; 28 C. J. 175.

II. *It is contended that the assignment is void; that an officer cannot assign his salary.* In all the cases we have examined we find that this was when the officer himself was seeking to avoid the assignment. But in this instance, the officer is not complaining of the assignment. If he does not complain, no one else can. It was his to do with it what he pleased.

The same principle which holds that an assignment is void, prevents a levy on the salary. They are alike against public policy. If the assignment is not good the levy is not good, for the same reason. The execution has no advantage over the assignment.

It will further be noticed that the assignment was made June 7th, while the judgment was not recovered until August 23rd. When equities are equal, he who is first in time prevails. "The maxim 'Prior *in tempore,* prior *in jure'* applies as well to equitable, as to legal interests." *Bank of England* v. *Tarleton,* 23 Miss. 173, 182.

In this case the assessor had never received his warrant. It had never been reduced to possession. It was still in the hands of the chancery clerk. This judgment was never enrolled.

Wherefore, we say that the action of the court in holding that the warrant was subject to execution, and

in holding that the assignment to the First National
Bank was invalid, and in rendering the judgment that it
did, was error, and that the case should be reversed and
judgment entered here for the appellants.

*Gardner, Odom & Gardner,* for appellee.

It is apparent from·the brief for appellants, and the
authorities cited therein, with all of which we heartily
agree, that the salary warrant of a public officer cannot
be levied upon, or taken by legal process while in the
hands of the disbursing officer, and we wish to call the
particular attention of the court to the fact that in this
case the warrant in question was levied upon ·by the
sheriff while actually in the physical possession of the
clerk, that as a matter of law and fact, it was in Mr.
Scruggs' possession; that the clerk had been directed
by Mr. Scruggs, and had agreed to deliver this warrant
to The First National Bank, one of the appellants herein.

I. *The assignment made by Mr. Scruggs in June,
1923, of his unearned September, 1923, salary warrant
was void.* 22 R. C. L. 541, par. 239, 36 L. R. A. (N. S.)
881; 125 A. S. R. 416; 98 A. S. R. 399; *Holt* v. *Thurman,*
111 Ky. 84; 98 A. S. R. 399. See *State* v. *Williamson,*
118 Mo. 146, 40 Am. St. Rep. 358, 23 S. W. 1054; *Schloss*
v. *Hewlett,* 81 Ala. 268, 1 So. 263; *Bangs* v. *Dunn,* 66 Cal.
72, 4 Pac. 963; *Beal* v. *McVicker,* 8 Mo. App. 202; *Stone* v.
*Lidderdale,* 2 Anstr. 233; *Davis* v. *Duke of Marlborough,*
1 Swanst. 74; *Flarty* v. *Odlum,* 3 Term Rep. 681; *Lid-
derdale* v. *Montrose,* 4 Term. Rep. 248; *Barwick* v.
*Reade,* 1 H. Black, 627; *Arbuckle* v. *Cowtan,* 3 Bos. & P.
328; *McCarthy* v. *Goold,* 1 Ball. & B. 389; *Emerson* v.
*Hall,* 13 Pet. 409; *King* v. *Hawkins,* 2 Ariz. 358, 16 Pac.
434; *Field* v. *Chipley,* 79 Ky. 260, 42 Am. Rep. 215;
*Billings* v. *O'Brien,* 14 Abb. Pr. (N. S.), 238, 246; *Na-
tional Bank* v. *Fink,* 86 Tex. 303, 40 Am. St. Rep. 833,
24 S. W. 256; *Williams* v. *Ford* (Tex. Civ. App.), 27
S. W. 723; *Stevenson* v. *Kyle,* 42 W. Va. 229, 57 Am. St.
Rep. 854, 24 S. E. 886.

In these various decisions, it has been held that the pay of an army officer, the salary of a clerk in the Federal Treasury, of a United States inspector of customs, of a county assessor, of a mail carrier, of a clerk of the police court, of the fees of a master of chancery, of a clerk of a court of chancery, of a sheriff, and of many other officers, cannot be assigned in advance. So great were the wrongs arising from the assignment of claims against the United States Government that a statute was passed in 1853, and re-enacted in section 3477 of the Revised Statutes of the United States, prohibiting the assignment of any claim or any interest in any claim until after it had been allowed, and a warrant for its payment issued.

This assignment being void the appellant, The First National Bank, acquired no interest, claim nor title in, nor to Mr. Scruggs' salary warrant, and the fact that Mr. Scruggs is not complaining will in no way have any bearing on the rights of the appellant, The First National Bank, or the appellee. The same principle which holds that a levy on a salary warrant of a public officer, while in the hands of a disbursing agent, is void, would apply with equal force to the assignment of a public officer of his future unearned salary, and the reasoning of one is applicable to the other. The greater part of the brief of the appellants herein is devoted to authorities and argument to the effect that a levy on a salary warrant of a public officer while in the hands of a disbursing officer, is against public policy, and, therefore, not permitted. We take no issue with the appellants on this point.

From the agreed statement of facts the court will see that by the assignment made to The First National Bank by Mr. Scruggs, that at no time would this salary warrant have ever been delivered to Mr. Scruggs in person, the clerk being Mr. Scruggs' agent to deliver this warrant to the Bank. We take it that the appellants herein would take no issue with us if the sheriff had levied upon

this warrant, if some friend or employee of Mr. Scruggs' had been in the act of depositing the same to Mr. Scruggs' account with The First National Bank, or any other bank. If we are correct in this, then we see no reason why Mr. Scruggs' warrant should enjoy any immunity from levy on account of the fact that he happened to select as his agent the clerk who issued the warrant. If it were shown by the agreed statement of fact, which we submit it is not, that the clerk, the disbursing officer, was holding this warrant to be delivered to Mr. Scruggs then the argument of counsel, and the authorities cited in their brief, might be pertinent. Counsel for appellants in their brief have overlooked this fact, that the clerk at the time the salary warrant in question was levied upon, was not acting in the capacity of a disbursing officer, but was acting as agent for Mr. Leonard Scruggs, who was the owner of the warrant, and by whom it is admitted that he, the clerk, had been directed to deliver Mr. Scruggs' warrant to the appellant, The First National Bank, so if, as admitted in the brief of appellants, a public officer can avoid or rescind an assignment made by him of his unearned salary, the appellant, The First National Bank, could not have and would never have acquired any legal claim to this warrant until it had actually been delivered to them by Mr. Scruggs' agent, the clerk, which was never done. This being true, we think the equities were equal, and to quote from brief of appellants, the maxim: "Prior *in tempore,* prior *in jure*" is very apt.

Anderson, J., delivered the opinion of the court.

Appellee, Electric Paint & Varnish Company, recovered a judgment against appellant, Leonard Scruggs, and sought to satisfy the judgment by the levying of an execution issued thereon upon the salary warrant of appellant Scruggs as tax assessor of Leflore county. Appellants claimed that the salary warrant was not subject to the execution. The cause originated in the court

of a justice of the peace of Leflore county, where there
was a trial and judgment, from which an appeal was
taken to the circuit court of that county. In the circuit
court the cause was tried on agreed facts in writing and
judgment rendered in favor of appellee holding the war-
rant subject to the execution, from which judgment ap-
pellant Scruggs and First National Bank prosecute this
appeal. The agreed facts were as follows:

"(1)   That on June 7, 1923, the said Leonard Scruggs
was the duly elected, commissioned, and qualified tax
assessor of said county, and that his term of office did
not expire until January 1, A. D. 1924.

"(2)   That on June 7, 1923, being then indebted to
the First National Bank of Greenwood, Miss., and on
said date he assigned in writing to secure said debt his
salary warrant as such assessor for the month of Sep-
tember, 1923, payable October 1, 1923, and June 7, 1923,
he delivered a written order to A. R. Bew, clerk of the
board of supervisors of said county, to deliver to said
bank said salary warrant; and that on said date the said
Bew accepted said assignment and notice thereof in writ-
ing, and filed a copy of said notice in his office.

"(3)   That on the 23d day of August, 1923, a judg-
ment was recovered by the Electric Paint & Varnish
Company against the said Leonard Scruggs in said court
of said justice for the sum of one hundred eighty-six
dollars and eight cents, with costs, and that said judg-
ment was never enrolled on the judgment roll in the
clerk of the board of supervisors' office. That on the
28th day of September, 1923, an execution was issued
on said judgment, and October 3, 1923, said warrant was
levied on and taken into possession by sheriff of said
county by virtue of said execution, and is now in his pos-
session.

"(4)   That said bank then and there propounded its
claim as assignee of said salary warrant, and now pro-
pounds its claim as such assignee.

"(5) That said Scruggs claims that said warrant is not subject to execution; being the salary of a public officer, and is exempt, or a portion thereof, from execution, he being the head of a family.

"(6) That said bank claims said warrant as assignee for value received this 30th January, 1924. That said warrant has been allowed and issued, and was in the hands of the clerk when levied on."

Appellants contend (and appellee seems to concede the contention) that the salary of a public officer cannot, while in the hands of a disbursing agent of the government, be diverted from its legitimate object by attachment, execution, or other legal process, and be subjected thereby to the payment of the private debts of such officer. The authorities seem to be practically uniform in so holding. The exemption of the salary is not for the personal benefit of the officer, but is for the protection of the public. To permit the salary of a public officer to be taken by legal process while in the hands of a government disbursing agent would impair and endanger the public service. The state and its political subdivisions would be drawn into controversies of a character in which they have no interest. If the remuneration for their services could be intercepted in that manner, the result would be to hamper and impair the public service. The principle is based upon public policy; it is not for the personal protection of the officer whose salary is sought to be reached by legal process. Note to *Dickinson* v. *Johnson*, 96 Am. St. Rep. 443, 449, 574; note to *Dickinson* v. *Johnson*, 54 L. R. A. 568 and 574; 22 R. C. L. 547, section 247; 23 C. J. 334; 28 C. J. 179.

Appellee's position is that the salary warrant of appellant Scruggs at the time it was levied on by the execution was not in the hands of the clerk of the board of supervisors as a public disbursing officer of the county; that the clerk, by virtue of the written assignment to appellant bank and notice thereof to him, held the warrant as the mere agent of appellant Scruggs for delivery to appellant bank, and therefore it was subject to the

execution; that its *status* was exactly what it would have been had it been in the custody of appellant Scruggs himself; and to that state of facts the above principle of law has no application. The case therefore turns on the question whether the clerk held the warrant in his official capacity or as a mere private agent of appellant Scruggs to be delivered to appellant bank. We are of opinion that at the time of the levy of the execution the warrant had not passed out of the hands of the clerk as a public official; that the mere fact of the assignment of the warrant to appellant bank and notice to the clerk by appellant Scruggs of such assignment and request by him that the clerk deliver the warrant to appellant bank was not sufficient to change the character in which the clerk held the warrant. He still held it in his official capacity. At the time of the levy of the execution the warrant was so held by him, and was, therefore, not subject to be taken by the execution.

We do not reach the decision of the claimant's issue as between appellant Scruggs and the First National Bank. In the first place, appellant Scruggs insists that the bank is entitled to the warrant as between him and the bank as well as against appellee, and that, if he is wrong in that contention, he is entitled to the warrant as against both appellee and appellant bank. Under the chapter on "Trial of Right of Property" (sections 4990 to 5001, inclusive, Code of 1906 [sections 3264 to 3275, inclusive, Hemingway's Code]), where personal property is levied on by execution and claimed by a third person, the claimant's issue is not triable, unless the plaintiff in execution succeeds in establishing that the property seized is liable to the execution. If as between the plaintiff and the defendant in execution the property taken by the execution is not subject thereto, the court is without authority to adjudicate the conflicting claims thereto as between a third person and the defendant in execution.

Reversed, and judgment here for appellants.

*Reversed.*