PICKLE *v.* McLAUGHLIN.

(Division A. Jan. 25, 1932.)

[139 So. 157. No. 29756.]

694

A. M. Warwick, of Carthage, for appellant.

**T. J. Barnett,** of Carthage, for appellee.

**Cook, J.,** delivered the opinion of the court.

On an enrolled judgment against the appellant, E. R. Pickle, the appellee, J. E. McLaughlin, secured the issuance of a writ of garnishment against J. W. Parkes, the duly elected and acting tax assessor of Leake county, requiring him to answer whether he was indebted to the said judgment debtor. The garnishee answered admitting an indebtedness to the judgment debtor of eighty dollars, but suggested that the judgment debtor would claim the debt as exempt from garnishment, levy, or sale, and thereupon summons was issued for the judgment debtor notifying him of the garnishment, and requiring him to assert his right to the exemption. In response to this summons the appellant judgment debtor appeared and filed his claim of exemption, asserting as a basis thereof that he was a regularly appointed, qualified, and acting deputy tax assessor, and that the amount admitted to be due him by the tax assessor was salary for the discharge of the public duties of his office. It was further set forth that he was regularly appointed as deputy tax assessor, that his appointment as such deputy had been approved

by the board of supervisors, that he had qualified by taking the oath of office as prescribed by statute, and that he had actively discharged the duties of the office, thereby earning as compensation therefor the sum involved in the garnishment proceedings. The justice court in which the proceedings were had denied the claim of exemption, and thereupon by proper petition for certiorari the record was removed to the circuit court. In the circuit court the judgment of the justice court was affirmed, and thereupon this appeal was prosecuted.

The only question presented for decision by this appeal is whether or not the salary or compensation of a deputy tax assessor, which is paid by the tax assessor himself, is exempt from garnishment.

Section 116, Code of 1906, section 3674, Hemingway's 1927 Code, which was in effect at the time this proceeding arose, provides as follows: "The assessor may, with the approval of the board of supervisors of the county, appoint deputies, who shall take the oath of office, and may be required by the assessor to give bond to him for the faithful discharge of their duties. The appointment shall be in writing, filed with the clerk of the board of supervisors, whose approval shall be entered on the minutes of such board."

The compensation for deputy tax assessors in counties of the class to which Leake county is assigned is provided for by section 2, chapter 296, Laws of 1926 (Hemingway's 1927 Code, section 1923), as follows: "The assessor may employ such deputies as he may need to complete his work in the proper time, but all compensation for such deputies shall be paid by the assessor himself, except as hereinabove specifically provided."

It is well settled in this state that the compensation of public officers, while in the hands of a disbursing agent of the government, cannot, by legal process, be subjected to the payment of the private debts of said officers, Scruggs v. Paint & Varnish Co., 140 Miss. 615,

105 So. 745, 746; Howell v. Kersh, 152 Miss. 266, 119 So. 186, 188; and "it is generally held that in the absence of special statutory sanction the compensation of public officers and employees is not subject to garnishment, whether such compensation is still unearned, or has been earned but is not presently payable, or is presently payable." 28 C. J. 174. While there are other reasons assigned for this rule, the courts very generally base it upon the principle that it is contrary to public policy to permit governmental affairs to be thus interfered with by creditors of an individual who has been selected for the performance of services for the public, and that for the proper performance of public services and duties, it is necessary that public officers and employees, who depend upon the compensation provided therefor for the means of subsistence, should promptly receive the compensation so provided. In the case of Howell v. Kersh, supra, emphasis is laid on the fact that the charge of the bill, which was admitted by the demurrer, was that "unless the money derived from this contract is available to the complainant, he will be unable to perform his part of the contract, which would result, not only in injury to himself, but to the public as well." While in the case of Scruggs v. Paint & Varnish Co., supra, it was said that: "The exemption of the salary is not for the personal benefit of the officer, but is for the protection of the public. To permit the salary of a public officer to be taken by legal process while in the hands of a government disbursing agent would impair and endanger the public service. . . . If the remuneration for their services could be intercepted in that manner, the result would be to hamper and impair the public service. The principle is based upon public policy; it is not for the personal protection of the officer whose salary is sought to be reached by legal process."

It is true that in each of these cases the compensation of the officer or employee was to be paid from county

funds, and, at the time of the institution of the proceeding, this compensation was still in the hands of the county disbursing agent, while in the case at bar the compensation of the deputy assessor was to be paid by the county assessor out of his private funds. By section 2, chapter 296, Laws of 1926 (section 1923, Hemingway's 1927 Code), the counties of the state are classified and assessors' salaries graduated according to the amount of the assessed valuation of the taxable property of the counties, and in counties of the larger assessed valuation, and the consequent higher classification, the tax assessor is authorized to employ a stated number of deputies at a fixed salary payable out of the county treasury. In counties of the lower classification there is no provision for paying deputy assessors out of county funds, but this statute contains a general provision authorizing a county tax assessor to employ, at his own expense, such deputies as may be necessary or required to complete the county assessment within the required time. The appointment of all such deputies must be approved by the board of supervisors of the county, and they are required to take the oath of office, and may be required by the assessor to give bond to him for the faithful discharge of their duties. The importance and character of the duties imposed upon deputy assessors who are paid out of county funds and of those paid out of the assessor's private funds are identical, and we can see no good reason for holding that the compensation of the one class of deputies is exempt from garnishment, while that of the other class is subject to garnishment and other legal process. We, therefore, have reached the conclusion that the compensation of the appellant for the public service performed by him in assessing for taxation the property of the county is exempt from garnishment, and the judgment of the court below will be reversed, and judgment will be entered here dismissing the garnishment.

Reversed, and judgment for appellant.