BEARRY *v.* STRINGFELLOW, et al.

No. 42809        November 18, 1963        157 So. 2d 491

684

September 23, 1963 · 156 So. 2d 220

*W. S. Murphy,* Lucedale, for appellant.

686

*Henley, Jones & Henley,* Jackson; *Cumbest & Cumbest,* Pascagoula, for appellee.

GILLESPIE, J.

The appeal originally prosecuted under the above style and number should be dismissed because the order appealed from was not a final judgment, but subsequently a final order was entered by the circuit court in the same case, and an appeal has been perfected from that order. The motion of appellant to consolidate the two records, which were assigned the same number by the clerk, is sustained in order to save time and expense.

The real issue between the parties has been adequately briefed.

Mrs. Betty Stringfellow, et al., appellees, recovered judgment for $25,000 against appellant, W. D. Bearry, who is Sheriff and Tax Collector of George County, Mississippi, for the wrongful killing of her husband. Bearry v. Stringfellow, 149 So. 2d 500 (1963). On a suggestion of garnishment filed by appellees, a writ of garnishment was served on the Chancery Clerk of George County. The chancery clerk filed its answer as garnishee, admitting that at the time of the service of the writ George County owed appellant, the judgment debtor, the sum of $2,994.67, in fees and allowances, which are allowable by the Board of Supervisors under the provisions of Sec. 3936, Miss. Code of 1942. Subsequently another writ of garnishment was served on the chancery clerk covering a later period of time, and the chancery clerk answered that writ admitting an indebtedness of the county for fees and allowances of $2,370.28. The aggregate of these sums, totaling $5,446.55, was paid into the circuit court out of which the garnishment writs had issued. Various motions and other proceedings were had in which appellant raised the issue whether such fees and allowances could be reached by garnishment. The circuit court entered a judgment ordering said sum of $5,446.55 paid over to the judgment creditors, appellees here, and appellant perfected his appeal with supersedeas.

The question for decision is whether the fees allowed by law to the sheriff and tax collector may be subjected by means of a writ of garnishment to the payment of a judgment creditor of the sheriff. We hold the statute authorizing garnishment of the county does not authorize the subjection of fees of public officers to garnishment proceedings.

Writs of garnishment in this State are governed by statute. Chap. 4, Vol. 2A, Secs. 2783-2814, Miss. Code

of 1942, Recompiled. Prior to the enactment of Chap. 321, Laws of 1936, the rule prevailed in this State and elsewhere that a state or county could not be summoned as a garnishee, nor could the compensation of public officers and employees be subject to garnishment proceedings. The reasons for the rule were: (1) Garnishment proceedings are substantially the prosecution of an action by the judgment debtor against the garnishee in the name of the judgment creditor, and the sovereign is not suable in this indirect manner unless expressly authorized by statute; (2) the moneys in the hands of public officers belong to the government, and although the judgment debtor may be entitled to a part of it, such money is not in the legal sense part of the effects of the judgment debtor; (3) Sound public policy forbids that public officers be subjected to the inconvenience of attending garnishment proceedings, and (4) public policy forbids interference with and impairment of the public service by the harrassment of public officers by subjecting their salaries upon which they depend for a living to garnishment proceedings. 4 Am. Jur., Attachment and Garnishment, Secs. 141 et seq.; Pickle v. McLaughlin, 162 Miss. 693, 139 So. 157 (1932); Scruggs v. Electric Paint and Varnish Co., 140 Miss. 615, 105 So. 746 (1925); 38 C.J.S., Garnishment, Sec. 39; 56 A.L.R. 602; 114 ALR 261. The rule is not for the protection of the public officer whose compensation is sought to be reached, but for the protection of the public.

By the enactment of Chapter 321, Laws of 1936, the legislature broadened the garnishment laws. It amended Sec. 1838, Code of 1930 (now Sec. 2783, Code of 1942), so that writs of garnishment could be served on the State, any county, municipality, school district, board or other political subdivision thereof. The amending act provided that no judgment shall be rendered against the State, county, municipality or other political subdivision, but any indebtedness due the judgment debtor

is bound in the hands of the garnishee and in event of judgment on the garnishment the funds bound, or so much thereof as may be necessary to pay the judgment, shall be paid over to the court. Sec. 2, Chap. 321, Laws 1936, now Sec. 2789, Code of 1942 (after a subsequent amendment by Chap. 264, Laws of 1952, which amendment does not concern this case), is as follows:

"Service of writs of garnishment upon judgments against any officer or employee of the State, a county, a municipality, any State institution, board, commission or authority shall be effected as follows:

"(a) In a case of garnishment against any employee of a state department, agency, board, commission, institution or other authority, the writ shall be served upon the department head, president of the institution or chairman or other presiding officer thereof. In case of a garnishment against a state officer, departmental head, president of an institution, director of a board or other head of any other agency or commission of the state government, the writ shall be served upon the state auditor. In case of a garnishment against the state auditor, the writ shall be served upon the state treasurer, this being the only case in which the state treasurer is served with a writ of garnishment except where a garnishment is against an employee of the state treasurer.

"(b) In case of a garnishment against any person who is now or may hereafter be a salaried officer or employee of a county or county institution the writ shall be served upon the clerk of the chancery court of the county, except that in case of garnishment upon a judgment against such clerk the writ shall be served upon the sheriff of the county.

"(c) In case of a garnishment against an officer or employee of a municipality the writ shall be served upon the city, town or village clerk."

The quoted statute directs how the writ is to be served when the judgment debtor is (a) ". . any officer

or employee of the state. . ." (b) ". . . a salaried officer or employee of a county or county institution," and (c) ". . . . an officer or employee of a municipality . . ." The question arises whether the garnishment statutes were intended to subject the fees of county officers to the payment of judgments against officers whose compensation and funds for operating a public office consists of fees. The legislature provided for garnishment against "any officer or employee" of the State and "an officer or employee" of a municipality, but "a salaried officer or employee" of a county. There are a number of important county officers who are paid in full or in part by the collection or the allowance of fees. The county also has a large number of salaried officers and employees. On the other hand, the fees collected by State officers who are paid a salary must be turned over to the State treasury. See Chap. 7, Title 17, Vol. 3A Recompiled, Code of 1942, entitled Fees, and Chapter 12, Title 17, Vol. 3A, Code of 1942 Recompiled, entitled Salaries. Chap. 321, Laws of 1936, refers at several places to public officers or employees. The only separate reference to county officers or employees is qualified by the word "salaried". It is clear that the legislature did not intend to subject to garnishment the fees allowable to the sheriff.

The legislature had good reason to limit the officers and employees of the county whose compensation is subjected to garnishment to salaried officers and employees. The principal county officers are allowed certain fees which are either collected directly by the officers or are allowed by the board of supervisors. The sheriff and tax collector is entitled to a variety of fees and allowances. Sec. 3936, Code of 1942. Out of these fees and allowances the sheriff must pay his deputies (except in certain cases the State may pay a deputy, Sec. 4172, Code of 1942), and other expenses of operating the sheriff's office. In populous counties the sheriff

employs numerous persons whose salaries he must pay out of fees and allowances. His compensation consists of what remains after these expenses are paid. So, in substance, all fees collected and paid out in salaries and expenses of operating the office is public mony because it is used for public purposes, and the sheriff is only a conduit for the collection and disbursement of such funds. If these funds are tied up in garnishment proceedings and applied to the payment of judgments held against the sheriff as an individual, the office of sheriff could not function. Conceivably the public would be denied the services of process servers, deputies to enforce the law, and other services. These considerations are undoubtedly the reason the legislature limited the application of the 1936 amendment to salaried officers and employees of the county.

Appellee contends that the reference in Sec. 2783, Code of 1942, to the ''sheriff or other proper officer'' as the officers to whom the writ of garnishment is directed by the clerk indicates a legislative intent that the coroner could serve the writ if the fees of the sheriff were the object of the garnishment. However, this section refers to all such writs, including those issued by justices of the peace and served by constables.

It is also contended that Sec. 2789(b), Code of 1942, provides for service of the writ on the sheriff in case of garnishment on a judgment against the chancery clerk, and since the chancery clerk is a fee officer, the legislature intended to authorize garnishment of the fees of the sheriff and other fee officers. This argument is not valid. The chancery clerk is both a fee officer and a salaried officer. His fees are provided for in Sec. 3932, Code of 1942, while Sec. 4167, Code of 1942, included in the chapter on ''Salaries,'' provides that the chancery clerk shall be paid a salary as county auditor.

We do not reach the question whether the provisions of Sec. 2795, Miss. Code of 1942, limits the application of the 1936 amendment to judgments recovered on contracts as distinguished from those sounding in tort.

The judgment is reversed and the garnishment proceedings are dismissed.

Reversed and rendered.

*Lee, P. J., and Kyle, Rodgers and Jones, JJ.,* concur.

## ON MOTION TO DISMISS PETITION FOR CERTIORARI.

Rodgers, J.

W. D. Bearry (judgment debtor) filed a petition asking for a writ of certiorari to bring to this Court certain papers and an order of the Circuit Court of George County, Mississippi. Petitioner seeks a review of the order of the circuit court directing the payment of money belonging to petitioner, in the hands of the circuit clerk, to judgment creditors. He alleges that these funds are exempt from execution because they were fees and allowances due him as Sheriff of George County and were obtained by a writ of garnishment served upon the chancery clerk, and that an officer's fees are not subject to garnishment.

The attorney for petitioner argued orally that his client is entitled to an order from this Court staying the order of the circuit court until the case could be heard upon its merits, because petitioner is unable to make a supersedeas bond and the judgment creditor is insolvent.

The judgment creditor filed a motion asking this Court to dismiss the petition here upon the ground that the petitioner is seeking to appeal his case to this Court in a manner not provided by law, and is seeking an order from this Court superseding the order of the circuit court without posting a bond.

Upon careful consideration of the petition and attached exhibits, we have come to the conclusion that the motion filed by the respondents asking this Court to dismiss the petition should be sustained for the following reasons:

Secs. 1146 and 1147, Miss. Code 1942, are in the following language:

"Sec. 1146. Writs of error, as heretofore used, are abolished; and all cases, civil or criminal, at law and in chancery, shall be taken to the Supreme Court by appeal as herein provided, and shall be dealt with by said court without regard to the manner of removing the cases to such Court."

"Sec. 1147. An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, not being a judgment by confession or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties; but such appeal shall operate as a supersedeas only when the parties applying for the same shall comply with the terms hereinafter prescribed; and in no case shall such appeal be held to vacate the judgment or decree."

Sec. 1163, Miss. Code 1942, as amended, requires a supersedeas bond "where the appellant shall desire a supersedeas" and expressly states "a supersedeas shall not issue until such bond shall have been given."

This Court has heretofore held that the statutory method of appeal to the Supreme Court is exclusive of all others in the case of Dismukes v. Stokes, 41 Miss. 430. Moreover, writs of certiorari cannot be substituted for the statutory method of appeal to this Court. See Federal Credit Company v. Zepernick Grocery Company, 153 Miss. 489, 120 So. 173.

We are therefore of the opinion that an appeal to this Court cannot be made by a petition for a writ of certiorari so as to obtain an order from this Court

staying and superseding the judgment of the trial court without posting a bond.

The motion to dismiss the petition is sustained without prejudice to petitioner's rights to appeal.

Motion to dismiss petition sustained.

*McGehee, C. J., and Kyle, Ethridge and Gillespie, JJ.,* concur.