DUNLOP TIRE & RUBBER CORPORATION *v.*
JAMES E. WILLIAMS AND
TALLAHATCHIE COUNTY BOARD OF SUPERVISORS

No. 43250        December 14, 1964        169 So. 2d 783

*Leon E. Provine,* Grenada, for appellant.

*Breland & Whitten,* Sumner, for appellees.

McELROY, J.

The appellant, Dunlop Tire and Rubber Corporation, obtained judgment in the sum of $328.97 against James E. Williams, in the First Judicial District of Tallahatchie County. Execution was issued on the judgment, but nothing seems to appear in the record showing it was

served or that any money was collected. Soon thereafter the appellant filed suggestions for garnishment against Tallahatchie County as being indebted to the defendant or having property of the defendant in its hands. On August 14, 1962 a writ of garnishment on judgment was issued to any lawful officer of Tallahatchie County, setting out that Dunlop Tire and Rubber Company had recovered a judgment in the Circuit Court of Tallahatchie County, Mississippi on May 24, 1962 for $328.97 and interest thereon at six percent per annum, and costs, against James E. Williams; that the judgment has not been satisfied; and that the Dunlop Tire and Rubber Corporation had made proper suggestion for a writ of garnishment against Tallahatchie County; and commanding the officer to summon Tallahatchie County to appear at Charleston, Mississippi on December 3, 1962 and answer under oath. Further, from the record, on August 14, 1962 the sheriff made the following return: ''I have this day executed the within writ personally on the within named Frances Rice, Chancery Clerk, Tallahatchie County.'' From the record that Frances Rice, Chancery Clerk, later became Frances Short. A sworn answer, made as required by law, was filed by Frances Short. It stated that Tallahatchie County had been indebted to the defendant for labor and services performed by the defendant for the county each month since the date of the service of the writ; that the board of supervisors of the county had each month allowed the claim for personal services, and ordered the undersigned, as chancery clerk, to issue a warrant to defendant in payment for his services; and the undersigned had performed this service in accordance with orders of the board of supervisors.

Thereafter, the appellant filed a contest of answer, pursuant to section 2806, Mississippi Code Annotated (1956), setting out that the plaintiff by counsel files this contest of answer as set out in section 2806, Mis-

sissippi Code Annotated (1956); that this cause was continued by court order, the court granting additional time to answer and contest the garnishee's answer filed in this matter by Mrs. Frances Short, Chancery Clerk; that process on the chancery clerk was issued by the circuit clerk of Tallahatchie County, pursuant to section 2789(b), Mississippi Code Annotated (1956), upon judgment of the circuit court rendered on May 24, 1962, after suggestion of garnishment was filed with the clerk of the county prior to issuance of the writ of garnishment as required by law; that the chancery clerk failed to state the amount due the defendant, James E. (Jack) Williams, or what assets of defendant the county had, in paragraph 2. In contest of paragraph 2, plaintiff stated that the chancery clerk should report the exact figures of the salary of James E. (Jack) Williams for the period of time immediately preceding the service of process upon her, the chancery clerk, instead of an indefinite nebulous amount as set out in her answer. Plaintiff contested paragraph 4 because she did have property or effects of the defendant in her hands, namely, that she issued the warrants for his salary each month and knew the exact amount of his salary. On December 4, 1963 the court entered an order disallowing this garnishment. The plaintiff appeared in open court by counsel, and it was found and ordered that Tallahatchie County had not responded in any manner to the writ of garnishment, and judgment by default could not be taken thereon against Tallahatchie County; that Frances Short, individually and not in any capacity as representing Tallahatchie County, answered the garnishment proceedings and denied any indebtedness by her to James E. Williams, the answer being in the statutory form; and that no judgment could be taken against Frances Short as an individual.

The appellant assigns as error that the court erred in misinterpreting section 2790 of the Code in conjunc-

tion with section 2789(b), Miss. Code Ann. §§ 2789(b), 2790 (1956).

Mississippi Code Annotated section 2783 (1956) states:

On the suggestion in writing by the plaintiff in a judgment or decree in any court upon which an execution may be issued, that any person, either natural or artificial, including the State, any county, municipality, school district, board or other political subdivision thereof, is indebted to the defendant therein, or has effects or property of the defendant in his, her or its possession, or knows of some other person who is indebted to the defendant, or who has effects or property of the defendant in his, her or its possession, it shall be the duty of the clerk of such court, or of a justice of the peace in a case before him to issue a writ of garnishment, directed to the sheriff or proper officer, commanding him to summon such person, the State, county, municipality, school district, board or other political subdivision thereof, as the case may be, as garnishee to appear at the term of court to which the writs of garnishment may be returnable, to answer accordingly.

Mississippi Code Annotated section 2789(b) (1956) states:

In case of a garnishment against any person who is now or may hereafter be a salaried officer or employee of a county or county institution the writ shall be served upon the clerk of the chancery court of the county, except that in case of garnishment upon a judgment against such clerk the writ shall be served upon the sheriff of the county.

Mississippi Code Annotated section 2790 (1956) states:

In no case shall judgment be rendered against the State, a county, a municipality or any State institution, board, commission or authority for default in failing to make answer to a writ served hereunder. ▇ ▇ From the answer of the chancery clerk of

Tallahatchie County, it appears that the county was indebted to the defendant for labor and services performed for the county each month since the date of the service of the writ, and that the county board of supervisors or the county was properly served through the chancery clerk. Since the county was properly served by process, it was the duty of the chancery clerk representing the board of supervisors to make the proper answer to the writ of garnishment, and she should have included the amount of the monthly payments in order that a proper judgment could be obtained, in case the amount due under the warrants to be issued was above the exemption allowed the defendant under the law.

The appellee cites Bearry v. Stringfellow, 247 Miss. 683, 157 So. 2d 491 (1963), which holds that the statute authorizing garnishment of a county does not authorize subjection of fees of public officers such as sheriff and tax collector to garnishment proceedings, under Mississippi Code Annotated section 2783-2814, 2789, and 3936 (1956).

We are of the opinion that the garnishment of an employee of the county is not involved in the collection of the fees by the sheriff, since the salary of employees is paid monthly upon the warrants of the county allowed by the board of supervisors, and the answer in this case states that the employee was allowed warrants each month by the county and they were paid directly to the employee, James E. Williams.

We are of the opinion the case should be reversed for the purpose of ascertaining the exact amount defendant received during the monthly times as stated in the answer of the chancery clerk, and if the amount is more than that allowed by the exemption statute, the appellant will be entitled to judgment against the county. The case is therefore reversed and remanded.

Reversed and remanded.

*Kyle, P. J., and Rodgers, Jones and Patterson, JJ.,* concur.