# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## MARCH TERM, 1900.

STATE OF MISSISSIPPI, USE OF HUGH C. McLAURIN, *v.* ARCHIBALD McDANIEL ET AL.

1. FALSE IMPRISONMENT. *Judicial officer without jurisdiction.*

   A mayor who causes to be arrested, fines and commits to prison without an affidavit one who has committed no offense in his presence, is liable therefor in an action for false imprisonment.

2. SAME. *Sureties on official bond.*

   The sureties on the official bond of a mayor are liable for injurious acts done by him *colore officii* in the line of his official duty, although said acts be illegal.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

The state, for the use of McLaurin, appellant, was the plaintiff in the court below. McDaniel, mayor of the village of Sandersville, and the sureties on his official bond, appellees, were defendants there. The suit was upon the bond, and the plaintiffs' declaration, after averring the appointment of the principal obligor to the office, his execution of the bond and

78 Miss.—1

qualification, charged that McDaniel had violated the condition of his bond in that he wrongfully caused plaintiff to be arrested, without a warrant, on a pretended, false, fraudulent and malicious charge of cruelty to animals, not pretending that the crime was committed in his presence, and without an affidavit having been made against plaintiff, fined and committed him to prison without a trial. The defendants demurred to the declaration, the court below sustained the demurrer and dismissed the suit, and the plaintiff appealed to the supreme court.

*Hartfield & McLaurin,* for appellant.

This case presents not a question of arrest without a warrant, but a conviction without complaint or information being made by any one. The complaint is a necessary jurisdictional act. Without it the mayor had no jurisdiction, and, if he exceeded his jurisdiction, he is a trespasser, and liable to an action for false imprisonment. That the complaint is necessary has been expressly held in this state in *Bigham* v. *State,* 59 Miss., 529. See 1 Bish. Crim. Proc., Sec. 636; 10 Am. Dec., 102; 15 Am. Dec., 264; 12 Am. Dec., 170; 6 Am. Dec., 200.

As to courts of inferior and limited jurisdiction, the general rule laid down is that the judge is not liable when he acts within, but is liable when he acts without his jurisdiction. The averments of the declaration bring this case within the latter category. Under the facts averred in this declaration, the mayor of the town was wholly powerless to render any judgment whatever. The conviction was utterly null and void. Without complaint, affidavit or charge of any kind, McDaniel caused the usee to be brought before him, and, without the preferring of any charges of any sort, proceeded or pretended to try, sentence and did actually imprison him. In so doing the mayor was a trespasser. The facts averred bring this case clearly under the case of *Wilcox* v. *Williamson,* 61 Miss., 313, and the authorities cited there, and Cooley on Torts, 491. Not content with having legally convicted the usee, the mayor issued an illegal

mittimus, and caused the imprisonment thereunder as averred. Surely he is liable to damages for so doing. If there is no remedy for such wrongs as are averred in this case, then officers may perpetrate illegal acts upon any citizen, under color of office, to any extent. If official bonds do not protect citizens from illegal acts of officers, what security have we against them?

McDaniel was acting in a clerical and not a judicial capacity in issuing the mittimus as charged in the second count in the declaration. The protection given the judge of a court of superior or general jurisdiction cannot be held to shield him from illegal and malicious acts, of a clerical and altogether different nature. For the latter he must be held liable in damages to the victim of his oppression.

*Hardy & Howell*, for appellees.

1. Without complaint or information being made by any one, the conviction was utterly null and void. McDaniel's acts were not those of a judge but of a mere trespasser. *Bigham* v. *State*, 59 Miss., 529; *Wilcox* v. *Williamson*, 61 Miss., 310.

2. The sureties on an officer's bond are not liable for his wrongful acts under void process or no process at all. *McLendon* v. *State*, 21 L. R. A., 738; *State* v. *Wade*, 40 L. R. A., 628.

3. An officer is not liable in an action on his official bond in the name of the state for his acts done under void process or no process at all. *McLendon* v. *State*, 21 L. R. A., 738.

WHITFIELD, C. J., delivered the opinion of the court.

On the authority of *Bigham* v. *State*, 59 Miss., 529, and *Wilcox* v. *Williamson*, 61 Miss., 310, the appellee, McDaniel, must be held liable. In *Grove* v. *Van Duyn*, given at length in 42 Am. Rep., 648–650, Chief Justice Beasley, speaking for the court, while declaring that "the jurisdictional test as the measure of judicial responsibility should be rejected," yet said

that the magistrate would be liable on another ground in a case like this, saying (page 650): "It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses, for the conclusive reply would be that the particular case was not, by any form of proceeding, put under his authority." What the magistrate does *colore officii*, his sureties are liable for. They are not liable, by the terms of their bond, for independent wrongs committed by the magistrate acting wholly as an individual and not at all *colore officii*. The acts of this magistrate here in question were done *colore officii*, and not at all as an individual. He was not acting, nor purporting to act, in any mere individual capacity, as any private citizen would be. He expressly claimed to be acting as mayor, in the exercise of official authority as such, and it is plain that this is the true character of his acts. His action was in excess of his jurisdiction; or, at all events, he had no authority to try that particular case, except in the manner required by law; but, nevertheless, what he did was done *colore officii*, and his sureties are liable.

We approve the reasoning in the cases of *Clancy* v. *Kenworthy*, 74 Iowa, 740, s. c. 35 N. W., 427, and *Turner* v. *Sisson*, 137 Mass., 191, cited in the note to *McLendon* v. *State* (Tenn.), 21 L. R. A., 738, s. c., 22 S. W., 200. Says the court in 74 Iowa, at page 743 (35 N. W., at page 428): "But it is insisted that, as the constable is shown to have had no lawful authority to arrest plaintiff, his act was, therefore, not done in the line of his duty. In truth his act was in the line (direction) of official duty, but was illegal because it was in excess of his duty. In the discharge of official functions he violated his duty and oppressed the plaintiff. This is all there is of it. If, in exercising the functions of his office, defendant is not liable for acts because they are illegal or forbidden by law, and, for that reason, are trespasses or wrongs, he cannot be held liable on the bond at all, for the reason that all violations of duty and acts of oppression result in trespasses or

wrongs. For lawful acts in the discharge of his duty he, of course, is not liable. It follows that, if defendant's position be sound, no action can be maintained upon the bond in any case.''

Say the court in 137 Mass., 191, 192: '' By an official act, is not meant a lawful act of the officer in the service of process. If so, the sureties would never be responsible. It means any act done by the officer in his official capacity, under color and by virtue of his office.''

See, also, *State* v. *Flinn*, 23 Am. Dec., 380, and especially *Brown* v. *Weaver*, 76 Miss., 7, 23 South., 388, as reported in 71 Am. St. Rep., 512, and the note thereto.

We think the sureties are liable. Murfree, Sher., sec. 60.

*Judgment is reversed, demurrer overruled and cause re-manded.*