LIZANA ET AL. *v.* STATE, TO USE OF KELLY.

[69 South. 292.]

1. OFFICERS. *Liability on official bonds. Justice of peace. Malicious prosecution.*
   In the absence of a statute, sureties on official bonds are not liable for exemplary damages, the measure of damages for which such sureties are bound in the absence of a statutory rule, is just compensation for the injury actually sustained in addition to nominal damages which follow the breach of bonds.

2. JUSTICE OF PEACE. *Official bond. Liability. Malicious prosecution.*
   The sureties on the official bond of a justice of the peace were liable with him, in an action of malicious prosecution for making a criminal affidavit against plaintiff to scare him into paying a debt, in causing his arrest thereon, in refusing to allow him to testify and in convicting plaintiff and sentencing him to a fine and imprisonment, since what the magistrate does *colore officii* his sureties are liable therefor.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by the state of Mississippi to the use of Wm. Kelly, against F. P. Lizana and others. From a judgment for plaintiff, defendant Lizana appeals.

William Kelly owed Igansus Fava a grocery bill, the balance of which, after certain credits, was past due, Fava, hearing that Kelly intended leaving the city, turned the account over to Justice of the Peace F. P. Lizana for collection by civil process on a fifty per cent. contingent basis. Lizana advised Fava that the debt could only be collected by "scaring it out of him" by making a criminal affidavit against the debtor, but Fava claims not to have agreed to this. Shortly afterwards Lizana presented to Fava an affidavit against Kelly for obtaining goods under false pretenses, which Fava signed, claiming on the hearing that he did not know it

was of a criminal nature. On this affidavit Kelly was arrested and tried before Justice of the Peace Lizana, where it seems Kelly was not allowed to testify, was roughly abused, and finally convicted and fined twenty-five dollars, together with a thirty-day sentence in jail. Not being able to pay the debt to meet a compromise proposition submitted by Lizana after the conviction, Kelly was confined in jail some two days until bond was arranged.

On the above facts Lizana and the sureties on his official bond as justice of the peace were sued by Kelly, who obtained judgment for six hundred and fifty dollars, from which defendant prosecutes this appeal.

*Mize & Mize,* for appellant.

On the last page of their brief, counsel say: "It so happens that the appellant had a former experience of a similar nature to the one under consideration. He has been before this court in a cause identical with the one at bar in the cause of *Lizana et al.* v. *The City of Pass Christian* for the use of Mrs. Kelly, 509 So. 814." The following instruction was given by the lower court in that cause for the plaintiff:

" 'The court instructs the jury for the plaintiff that if they believe from the evidence that the arrest of plaintiff was unlawful and oppressively made, as plaintiff has alleged and set forth in her declaration, then she is entitled to recover all actual damages sustained by her, including physical pain and suffering, and such other exemplary damages as the jury may think proper, not to exceed the sum of two thousand dollars.'

"This suit was against Lizana and his bondsmen and the giving of this instruction was specifically assigned as error. The case was affirmed without an opinion." *Lizana et al.* v. *City of Pass Christian,* 59 So. 814.

"The instruction in the case now at bar was drawn by the attorneys from the record in the case cited su-

109 Miss.—30

pra.    The case of *Lizana et al.* v. *City of Pass Christian* had just been affirmed by this court, and the instruction now before the court was drawn in reliance upon the decision of this court in that cause. It will be necessary for the court to overrule that case before this cause can be reversed.''

It is true that the instruction above quoted by counsel for appellee is the same as the instruction complained of in the instant case, but in said case of *Lizana* v. *The City of Pass Christian,* 59 So. 814, the point was not raised that the sureties were not liable for exemplary damages. The complaint as to said instruction, as will be seen by reference to the record in 59 So. 814, was as to its not being couched in the proper language, and no complaint whatever was made as to the exemplary damage feature, and the case' was decided without an opinion, and hence is not binding on this court. 11 Cc. 745, lays down the following sensible rule in cases of this kind: ''And an opinion is not authority for what is not mentioned therein, and what does not appear to have been suggested to the court from which the opinion emanates.''

This case falls precisely within the rule announced in Cyc. *supra.*

The Lizana case alluded to by counsel was affirmed without an opinion, and hence is not authority for anything except that case, and nowhere in that case was any complaint raised to the instruction quoted as to the bondsmen not being liable for punitive damages. Hence, said case under the rule laid down in Cyc. *supra,* is not authority here.

We submit that a clear principle of law was announced by said instruction that is not applicable to this case; and, since the evidence for the appellee in the instant case is that Lizana was a very bad man and oppressive, the jury evidently took appellee's view of the evidence or it would not have awarded a verdict for appellee; and, by accepting appellee's evidence as to Li-

zana's conduct, the jury evidently gave punitive damages, because, if they found a verdict for the apellee, they were bound to believe Lizana was an oppressive man and hence they allowed punitive damages under the instruction we complain of, which the law does not permit. In this jurisdiction, where punitive damages and actual damages are not separated in the verdict, the court cannot tell how much punitive damages was allowed and how much actual damages, and hence the court cannot say that the jury did not award punitive damages, when they were told in this instruction they were permitted to award punitive damages if the appellee's testimony was to be believed, and, the jury having accepted appellee's testimony by awarding appellee a verdict, this court cannot say but what punitive damages were awarded. As a matter of fact, in reading this record the court will see in an instant that the jury awarded punitive damages.

*Dodds & Montgomery*, for appellee.

The first instruction by the court in this case is correct and is the law. The instruction is as follows, to wit: "The court instructs the jury for the plaintiff that if they believe from a preponderance of the evidence in this case that the defendant, F. P. Lizana, in his capacity as justice of the peace, induced Mr. Fava to place in his, Lazana's hands, the open account due by William Kelly to Fava, with the understanding that he, Lizana, was to have fifty per cent. for collecting said account, and that Lizana then induced the said Fava to make affidavits against Kelly and his wife, charging them with having obtained goods under false pretense, without informing said Fava as to the nature of said affidavits, knowing that Fava did not intend to prosecute the Kellys, and leaving Fava to believe that he was simply suing for his debt, and that in pursuance of this scheme, the said Lizana proceeded to convict the complainant without any evidence except evidence that the debt was

due and that Kelly had failed to pay same according to his promise, and thereupon sentenced the said Kelly to fine or imprisonment, such prosecution and sentence under the law was malicious and oppressive and renders the said Lizana and his bondsmen liable for damages, and the jury will find for complainant and assess his damages at such sum not to exceed the sum of two thousand dollars, as the jury may think he is entitled to under all the testimony in this case.''

Appellants contend this instruction is erroneous because the sureties on the bond of a justice of the peace are not liable for his conduct of a judicial character, and cite the following from Sutherland on damages in support of their contention. ''The sureties on the bond of a justice of the peace are not liable for his misconduct or defaults in respect to his ministerial duties. They are not liable for errors of a judicial character.'' This citation from Sutherland is the law. The sureties of a justice of the peace are never liable for errors of judgment on the part of the magistrate, but a reading of the evidence in this case shows conclusively that the wrongs committed upon the appellee in this case were not the results of an error of judgment, but were purely and simply the results of an attempt on the part of this justice of the peace to extort money from the appellee. ''What a magistrate does _colore officii_ his sureties are liable for.'' Of course, sureties would not be liable for wrongs committed by a magistrate, where there was doubtful jurisdiction or where there was some mistake in the exercise of judgment, but whenever a justice of the peace acts through fraud, favor or partiality or knowingly commits a wrong by virtue of his office, both he and the sureties on his official bond are liable therefor.

We cite the following authorities in support of the foregoing contention: ''What a magistrate does _colore officii_ his sureties are liable for.'' _States_ v. _McDaniels,_ 78 Miss. 4, 27 So. 994, 50 L. R. A. 118.

"Liability of sureties of a justice of the peace—Where an officer acting in a judicial capacity errs in judgment he is not liable, but where he acts through favor, fraud or partiality or knowingly commits a wrong by virtue of his office, both he and the sureties on his official bond are liable therefor."

2 Brandt on Suretyship & Guaranty (2 Ed.), page 807, section 562; *Clancy* v. *Kentworthy,* 74 Iowa, 740, 35 N. W. 427; *Earp* v. *Stephens,* 55 So. 266 (Ala. 1911).

COOK, J., delivered the opinion of the court.

This is a suit for malicious prosecution against appellant, as justice of the peace, and the sureties on his official bond. A judgment was rendered by the trial court against Lizana and his sureties for six hundred and fifty dollars.

An instruction was given by the trial court, at the request of plaintiff, authorizing the jury to render a verdict against the sureties for exemplary damages. This instruction should not have been given. In the absence of a statute, sureties on official bonds are not liable for exemplary damages.

"The measure of damages for which sureties on official bonds are bound, in the absence of any statutory rule, is just compensation for the injury actually sustained, in addition to nominal damages which follow the breach of bonds." 2 Sutherland on Damages (3 Ed.) sec. 488; 13 Cyc. 116.

Without regard to the rule in other jurisdictions, this court has held that official acts, like the acts charged in the present case, are actionable.

"What the magistrate does *colore officii* his sureties are liable for." *State* v. *McDaniel,* 78 Miss. 4, 27 So. 994, 50 L. R. A. 118, 84 Am. St. Rep. 618.

As this case may be tried again, we think it proper to say that instruction 2, given for plaintiff, is rather loosely drawn, and the same may be said about instruction 1.

*Reversed and remanded.*