STATE, FOR USE OF DEW, *v.* LIGHTCAP *et al.*

(Division A. March 28, 1938. Suggestion of Error Overruled April 25, 1938.)

[179 So. 880. No. 33121.]

Brewer & Hewitt, of Jackson, for appellant.

R. R. Norquist, of Yazoo City, and Butler & Snow, of Jackson, for appellees.

Argued orally by **Wm. H. Hewitt**, for appellant, and by **Chas. B. Snow**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action by the State, for the use of D. Herbert Dew, hereinafter referred to as the appellant, against Thomas M. Lightcap, a former sheriff of Yazoo county, and the National Surety Corporation, the surety on his official bond. The appellant sued for injuries inflicted on Dew during Lightcap's term of office by Griffin Pigg, a regularly appointed deputy of Lightcap's. Lightcap is a resident of Yazoo county, serving as a regularly appointed deputy sheriff of that county. He requested the court, but it declined, to change the venue to Yazoo county under section 495, Code of 1930. It will not be necessary for us to review this ruling.

The case was tried twice, the first trial resulting in a verdict and judgment for the appellant for $8,000. This judgment was set aside by the court below on a motion therefor. Several grounds were assigned in this motion for a new trial, one of which was that the verdict was excessive; and that it was excessive so clearly appears that we must hold that the court below committed no error in setting the verdict aside. On the second trial, when the appellant finished his introduction of evidence and rested, the court below, on motion therefor, excluded his evidence, which ruling was followed by a directed verdict for the appellees.

The evidence discloses that Pigg, and two other deputies of Lightcap's had gone to Eden, in Yazoo county, Miss., for the purpose of preserving the peace, complaint having been made of rowdyism there on Saturday

nights. While there Pigg walked into a store where Johnson was, and who was doing nothing whatever except being there, pulled his pistol and told Johnson to march out in front of him. Johnson thereupon accompanied Pigg to an unused filling station. What occurred there between them does not appear. The appellant was informed that Pigg had Johnson under arrest, and that Johnson desired him to go his bond, or do what might be necessary to relieve him therefrom. He accordingly went to the filling station, and when he arrived there, what then occurred was this, using his own language: Johnson "says, 'Mr. Pigg has got me.' Says, 'I want you to get Mr. Pigg, he has got me arrested here'—says, 'Pay my fine, whatever it is.' And I asked him if he had him arrested, if he did, I would pay his fine. He says, 'No, I haven't got him arrested; I want to talk to him.' I says, 'Go ahead.' And he says, 'No, you will have to go; you can't hear.' And I asked him why I couldn't hear him talk to the negro. And he backed off about eight or ten feet, maybe a little more, and he says, 'Well, come over here and I'll talk to you;' and he turned, and I was between him and the negro, and then he began to shoot, and he shot at me five times. . . . After he started firing he says he told me, 'Put down that God damned knife.' " Dew was not armed, and says that he neither threatened to make, nor made, an attack on Pigg. Four of the shots inflicted flesh wounds on Dew that were painful, and necessitated his going to a hospital and receiving medical attention. Several other witnesses who saw what there occurred varied somewhat as to its details, but were in substantial accord with what the appellant said.

The appellant's contentions are that Pigg had Johnson under arrest, and shot the appellant for the reason that he insisted on being present while Pigg talked to Johnson. In other words, that Pigg acted throughout by virtue, or under color, of his office. This fact must appear before any liability of the appellees' arises. Pigg did restrain Johnson of his liberty; but for that fact to

constitute an arrest for the appellee's purposes it must have been done "for the actual or purported purpose of bringing" Johnson "before a court or otherwise securing the administration of the law." 1 Rest. Torts, section 112. Lightcap and the surety on his bond are not liable for any breach of the peace committed by Pigg, unless committed by virtue, or under color, of his office.

Pigg had no warrant for the arrest of Johnson, and no circumstances appear that would permit his arrest without a warrant, under section 1227, Code of 1930. These facts alone are not conclusive, but are circumstances to be taken into consideration. Section 1227 requires a person, when making an arrest without a warrant, to "inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit." Pigg said nothing indicating that he had arrested Johnson, or intended so to do. On the contrary, when asked by Dew if he had Johnson under arrest, he said, "No, I haven't got him arrested," and there is no evidence that the contrary is the fact. Moreover, when Pigg informed the appellant, in Johnson's presence, that he did not have Johnson under arrest, he lost any immunity he might theretofore have had, and, since it does not appear that the statement was false, he must be held for all purposes not to have acted thereafter under color of his office.

The court below committed no error in excluding the appellant's evidence, and in directing the jury to return a verdict for the appellees.

Affirmed.