MARYLAND CASUALTY CO. *v.* EAVES.

(Division A. June 3, 1940.)

[196 So. 513. No. 34171.]

E. M. Livingston and Chas. D. Fair, both of Louisville, for appellant.

**H. T. Carter** and **Rodgers & Prisock,** all of Louisville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an action on this bond which resulted in a judgment against both Kelly and his surety, from which the surety only appeals.

In October, 1939, L. C. Kelly was a duly elected constable for District No. 1, Winston County, Mississippi, the surety on his official bond being the Maryland Casualty Company. Mrs. L. C. Kelly wife of the constable, owned and operated a cafe in the Town of Louisville, at which her husband and her son, Louie Kelly, were employed. On the night of October 7, 1939, the appellee went to this cafe, according to his testimony and that of his supporting witnesses, for the purpose of getting his brother, Aubrey Eaves, who was there drunk. While the appellee was standing at the cafe door, he saw Aubrey and beckoned to him. In response thereto, Aub-

rey came to the door staggering. The appellee then caught him by the arm, led him out into the road, or street, and was trying to persuade him to go home when L. C. Kelly, the constable, appeared and after saying, "J. D., you are under arrest," immediately struck the appellee with a pistol over one eye knocking him unconscious. The appellee was then carried by others, without interference from Kelly, to a physician's office, and no attempt was thereafter made by Kelly to take him into custody. The appellee says that his sight and hearing were injured.

According to the evidence for the appellant, Aubrey Eaves was not at the cafe on the occasion in question, and L. C. Kelly made no attempt to arrest and did not strike the appellee. While at the cafe, the appellee became drunk and disorderly and when Louie Kelly and another attempted to eject him from the cafe, he resisted, and Louie slapped him on the head with his left hand, knocking him down, but not unconscious. L. C. Kelly was not then present, but came to the scene immediately thereafter, and, "taking J. D. by the arm, carried him in the road and told him to go home."

One of the appellant's assignments of error is that the court below erred in not directing the jury to return a verdict for it. In support of this assignment the appellant says in effect that conceding the truth of appellee's version of what occurred, the appellant is not responsible therefor for the reason that Kelly was acting in an individual and not in an official capacity when he struck the appellee. Whether Kelly was attempting to arrest the appellee and therefore was acting in his official capacity must be judged from what he said and did. He had the right to make arrests without a warrant under some circumstances and the jury had the right to believe from the evidence that just before he struck the appellee he told him that he was under arrest and to infer therefrom that his purpose then was to take the appellee into his official custody. It is true that he did not consummate

this purpose, but abandoned it when, but not until after, he had, according to the appellee's evidence, knocked the appellee unconscious. Cf. State v. Lightcap, 181 Miss. 893, 179 So. 880.

It is true that the appellee, according to the evidence, had done nothing to justify his arrest, and Kelly's attempt to make the arrest was unlawful, but that fact does not relieve the appellant of liability. Kelly had the right by virtue of his office to make arrests, and he claimed to be making an arrest—said that to the appellee which made it his duty to submit to an arrest by Kelly if lawful. Consequently, in attempting to make the arrest, though without actual right so to do. Kelly was acting under color of his office, State to use of McLaurin v. McDaniel, 78 Miss. 1, 27 So. 994, 50 L. R. A. 118, 84 Am. St. Rep. 618, and while there is authority to the contrary, the liability of the bondsmen of a public officer is not limited in this state to acts done by the officer virtute officii, but extends to illegal acts done colore officii. State, etc., v. McDaniel, supra; Lizana v. State, 109 Miss. 464, 69 So. 292, United States Fidelity & G. Co. v. Yazoo City, 116 Miss. 358, 77 So. 152, L. R. A. 1918C, 395.

The penalty of Kelly's bond on which the appellant is surety is $1,000. The court below instructed the jury for the appellee that if they believe certain things "then you may within your discretion award to the plaintiff punitory damages as against L. C. Kelly," and by another instruction charged the jury that if it believed certain things, no element of punitive damages being enumerated, "then it will be your sworn duty to find for the plaintiff against the Maryland Casualty Company, not to exceed, the amount of its official bond which is the sum of $1000.00." The jury rendered the following verdict: "We, the jury, find for the plaintiff against L. C. Kelly and Maryland Casualty Company and assess his damages in the sum of $1500.00." The judgment rendered after setting forth this verdict proceeds:

"Whereupon the Plaintiff, J. D. Eaves, moved the court to correct the verdict to conform with law and testimony in the case and so as to hold the Maryland Casualty Company liable only for one thousand dollars ($1000), the extent of its bond, and the court, after having heard said motion, sustained it so as to hold the Maryland Casualty Company liable for the extent of its bond only, in the sum of one thousand dollars ($1000).

"It is now therefore the order of the court that the Plaintiff recover of the defendants, L. C. Kelly and the Maryland Casualty Company the sum of one thousand dollars ($1000) and have and recover of the defendant, L. C. Kelly, the additional sum of five hundred dollars ($500) with legal interest from this date until paid, also all cost to be taxed against the defendants, and that execution issue herein."

Had appellant sought in the court below to recover only actual damages, the judgment rendered by the court below would have been proper. For Kelly was liable for the whole of the damages awarded, and the appellant was liable therefor also up to, but not exceeding, $1,000. Cf. Cohea v. State, etc., 34 Miss. 179. The trouble here is that on the evidence the jury had the right to and probably did, include punitive damages in its award. Whether this is true, and if so what was the amount of the actual damages awarded, cannot be ascertained, and since the appellant is not liable for punitive damages (Lizana v. State, supra), the court should have caused the jury under a proper procedure therefor to clear up the verdict so that a correct judgment could be rendered against the appellant.

The judgment will be affirmed on liability, but will be reversed and the cause remanded for a new trial on the amount of damages only.

So ordered.