VANDERSLICE, et al. *v.* SHOEMAKE

No. 40817 May 19, 1958 102 So. 2d. 804

*M. M. Roberts,* Hattiesburg; *Sidney B. Majure,* Richton, for appellants.

*Quitman Ross, E. K. Collins,* Laurel, for appellee.

ETHRIDGE, J.

This is a suit by appellee Shoemake against a municipal policeman, Vanderslice, and the surety on his official bond, United States Fidelity & Guaranty Company, for damages for an alleged wrongful assault upon Shoemake by the policeman. The jury returned a verdict against both defendants in the amount of $5,000, and judgment was entered thereon.

In February 1957 Vanderslice was a policeman in the Town of Richton. Shoemake was working for Milton Shows, loading vegetables at a central market on the trucks of various buyers. Vanderslice was on night duty. Late that night he ordered Shoemake to leave and

go home. Vanderslice testified that Shoemake was drunk, but the latter denied that. Shoemake continued working, and left around 2 A.M. He got in his truck which was driven by a boy named James McGill, and was talking to Shows, who had the right front door of the truck partly open, when Vanderslice came up to the truck and hit Shoemake on the head with a blackjack four or five times. Shows remonstrated with the policeman, and McGill drove the truck away with Shoemake in it. This was appellee's version. Later that night, before Shoemake left town, Vanderslice said that he arrested Shoemake on a charge of public drunkenness. He was held in the jail for about thirty minutes, but was then released, without any charge being made or prosecuted, upon the direction of the chief of police. Appellee denied he was arrested that night. Vanderslice denied that he hit plaintiff while in the truck. He said Shoemake was very drunk, and at the loading shed that night plaintiff cursed him, threatened him with an opened knife, and that he then knocked the knife out of his hand and hit him with his blackjack in order to arrest him.

The appellants were not entitled to a peremptory instruction. The jury was warranted in concluding that the assault and battery was committed by the officer while acting under color of his office, and that Vanderslice's acts were not purely private and personal. The liability of a surety on an official bond is not limited to acts done by the officer by virtue of his office, but extends to illegal acts done under the color and pretense of his office. State, ex rel. McLaurin v. McDaniel, 78 Miss. 1, 27 So. 994 (1900); U. S. F. & G. Co. v. Yazoo City, 116 Miss. 358, 77 So. 152 (1917); Pierce v. Chapman, 165 Miss. 749, 143 So. 845 (1932). Cf. Maryland Casualty Co. v. Eaves, 188 Miss. 872, 196 So. 513 (1940).

Appellee was granted an instruction by the trial court that if the jury believed that defendant acted willfully in striking plaintiff, then in its discretion it could assess punitive damages "by way of punishment to the

defendants.'' This was error as to the surety company, ██ ██ since in the absence of a statute sureties on official bonds are not liable for punitive or exemplary damages. Lizana v. State, ex rel. Kelly, 109 Miss. 464, 69 So. 292 (1915); Maryland Casualty Company v. Eaves, supra. The jury probably awarded punitive damages against the surety. ██ They were proper as to Vanderslice. Hence the case will be reversed and remanded as to the surety company for a new trial on the issue of damages only.

██ ██ It is contended that the trial court erroneously refused a requested instruction which advised the jury that the surety company would not be liable for anything unless Vanderslice is first liable and that, if the company is required to pay any part of the judgment, then the individual defendant will be obligated to reimburse the company for that amount. If a surety pays a judgment, it is subrogated to the rights of the plaintiff. Miss. Code 1942, Sections 255, 257. However, that is not an issue in this case. The jury's task was to determine whether Vanderslice was liable, and, if so, to properly assess plaintiff's damages. The requested instruction is not relevant to either of those issues. The trial court properly refused it.

Affirmed as to appellant Vanderslice, and, as to appellant United States Fidelity and Guaranty Company, affirmed on liability and reversed on issue of damages only.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.