UNITED STATES FIDELITY & GUARANTY CO. *v.*
STATE, USE OF STRINGFELLOW, et al.

No. 43798 February 14, 1966 182 So. 2d 919

*Lester E. Wills,* Meridian, for appellant.

*Cumbest, Cumbest, O'Barr & Shaddock,* Pascagoula; *Henley, Jones & Henley,* Jackson, for appellees.

RODGERS, J.

This case is a sequel of Bearry v. Stringfellow, 246 Miss. 123, 149 So. 2d 500 (1963) (Circuit Court Docket No. 1028), and Bearry v. Stringfellow, 247 Miss. 683, 156 So. 2d 220, 157 So. 2d 491 (1963). The first suit was instituted by Mrs. Betty Stringfellow, the widow, and as Next Friend for the children, of Melvin Ira Stringfellow, against W. D. Bearry, Sheriff of George County, Mississippi, and his Deputy, James H. Smith, for the wrongful death of Mr. Stringfellow. It was charged that the Deputy Sheriff negligently shot and killed Mr. Stringfellow, the husband and father of plaintiffs, while acting in his official capacity. The court granted various instructions on negligence and submitted the issue of punitive damages to the jury. The jury returned a verdict for $50,000 but the trial court required a remittitur of $25,000.

The second suit, *supra,* grew out of a garnishment served upon the Chancery Clerk to attach fees and allowances due by George County to the Sheriff, W. D. Bearry. This Court held that the fees of the Sheriff were not subject to garnishment.

In the present case, Mrs. Stringfellow filed suit in the name of the State of Mississippi, for the use and benefit of herself and children, against the United States Fidelity & Guaranty Company, W. D. Bearry, Sheriff, and James H. Smith, Deputy Sheriff, of George County, Mississippi.

The declaration is in two counts. In Count I, plaintiffs allege a judgment in the sum of $25,000 against defendant, W. D. Bearry, Sheriff, as the result of the grossly negligent and wrongful killing of Melvin Ira Stringfellow by James H. Smith, Deputy Sheriff. The plaintiffs fur-

ther allege that the Sheriff was liable for the wrongful acts of the Deputy Sheriff while acting as agent and deputy within the scope of his employment. The declaration further alleges that the United States Fidelity and Guaranty Company was the surety of W. D. Bearry, Sheriff, by virtue of its bond conditioned according to state law (Mississippi Code Annotated section 4033, 1956) in the sum of $4,000. Plaintiffs charge that it is an absolute obligation of the bonding company to protect the public against the acts of the Sheriff and the acts of his Deputy. Plaintiffs' demand judgment of the United States Fidelity & Guaranty Company for $4,000 and six per cent interest.

Count II of the declaration adopts the allegations of Count I, and charges that United States Fidelity & Guaranty Company also issued a $10,000 Public Employees Blanket Bond to W. D. Bearry, Sheriff, insuring him against loss caused to him through the failure of any of his employees to perform faithfully his duties. It is then charged that the Sheriff had sustained a loss of more than $10,000, and that the Insurance Company owed the Sheriff the sum of $10,000, and charged that the plaintiffs "have an absolute right to collect said funds directly in this joint lawsuit against the United States Fidelity & Guaranty Company and the former sheriff and his deputy", for $10,000.

The declaration had attached to it the following exhibits: (1) A copy of the final judgment of this Court in the first case, above set out. (2) Photostatic copy of "Public Employees Blanket Bond issued to the Sheriff, W. D. Bearry." (3) Coroner's return on execution showing sale of Sheriff's property for $6,950. (4) Sheriff's bond for $4,000 issued by United States Fidelity & Guaranty Company. (5) Sheriff's oath of office.

W. D. Bearry answered and moved the court to dismiss the action because (1) the plaintiffs are the same parties who filed suit in Circuit Court, Docket No. 1028

(first suit) under the wrongful death statute (Mississippi Code Annotated section 1453, 1956) for the death of Melvin Ira Stringfellow; that a judgment for $25,000 was affirmed by the Supreme Court; that all matters were litigated between the parties and the judgment is *res judicata* to all matters litigated, or could have been litigated, and is *res judicata* as to the instant suit; (2) that all issues sought to be raised were litigated, or could have been litigated, in cause Docket No. 1028 — that Mississippi Code Annotated section 1453 (1956) provides that there shall be but one suit for the same death; (3) that Mississippi Code Annotated section 4234 (1956) contemplates suit against the Sheriff and his surety in the same suit if the surety is to be liable on the bond; (4) there is a garnishment pending against United States Fidelity & Guaranty Company in which issue has been joined but no final order has been entered and is now pending, and plaintiffs are estopped to maintain litigation on the subject; and (5) that all matters which plaintiffs now seek to litigate were litigated, or should have been litigated, in suit Docket No. 1028 (first suit), or should have been raised, litigated and tried.

The Sheriff admitted he had lost by execution more than $10,000 because of the judgment rendered against him, but denied the suit should be maintained against him, that the matter set out in Count I had been settled because plaintiffs had waived their right to sue the United States Fidelity & Guaranty Company, his sureties, and plaintiffs cannot maintain the suit on any ground.

The United States Fidelity & Guaranty Company moved to strike from Counts I and II of the declaration the charge against it on account of the judgment against the Sheriff on the suit on the surety bond because the judgment in that case, Docket No. 1028, included punitive damages and the surety is not liable for such damages on the official bond.

The appellant, United States Fidelity & Guaranty Company, contends that no proof was offered to show

a breach of the Sheriff's official bond requiring "that Bearry . . . shall well and faithfully perform the duties of his office", and since the judgment was not on the bond but was a judgment in tort, the judgment did not establish any liability on the surety under Mississippi Code Annotated section 4234 (1956). This section is in the following words:

"The remedy upon sheriff's bond shall be joint and several against all or any one or more of the obligors; but in all suits thereon against the surety or sureties, the liability of the sheriff shall be first fixed, except when the sheriff is a party to a suit, has died or removed or is not found."

The pertinent part of Mississippi Code Annotated section 4235 (1956) is as follows: "All sheriffs shall be liable for the acts of their deputies, and for money collected by them."

██ █ We have held that the Sheriff's bond is liable for the acts of a deputy sheriff acting within the scope of his authority. McCoy v. Key, 155 Miss. 64, 123 So. 873 (1929); Dean v. Brannon, 139 Miss. 312, 104 So. 173 (1925).

In the case of Brown v. Weaver, 76 Miss. 7, 23 So. 388 (1898) we pointed out that the sheriff's bond is liable for damages caused by the unjustifiable shooting of a fleeing misdemeaneant by a deputy sheriff.

Since appellees obtained an instruction on punitive damages in the first case, and this Court held that the Sheriff was liable for such damages, appellant, United States Fidelity & Guaranty Company, now argues that it is not liable as surety for the amount of the judgment which includes punitive damages.

The appellant cites Vanderslice v. Shoemake, 233 Miss. 523, 102 So. 2d 804 (1958); Maryland Casualty Company v. Eaves, 188 Miss. 872, 196 So. 513 (1940); Lizana v. Kelly, 109 Miss. 464, 69 So. 292 (1915).

 ██ We agree that a surety is not liable for punitive damages but we do not agree that the record in this case shows that the appellees and cross-appellants obtained a final judgment for punitive damages for the following reason: We point out in the case of Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So. 2d 226 (1962) that "punitive damages", "exemplary damages" and "vindictive damages" are in legal contemplation synonymous terms, and are sometimes called "smart money". Punitive damages are "added damages" and are "in addition to the actual or compensatory damages due because of an injury or wrong."

In the first case, Bearry v. Stringfellow, 246 Miss. 123, 149 So. 2d 500 (1963), this Court pointed out that the evidence by the widow showed the decedent's age at nearly twenty-two, that he was earning in excess of $2 an hour at Ingalls, and that she was entitled to damages for love and affection for herself and the living child. The second child was not then born. The issue was submitted to a jury which found a verdict for the plaintiffs in the sum of $50,000. However, upon defendants' motion, a new trial was granted, unless the plaintiffs should, within ten days, enter a remittitur for $25,000. On appeal to this Court, we held: "According to evidence for the plaintiffs, there was justification for the award of punitive damages in addition to actual damages." 246 Miss. at 132, 149 So. 2d at 504.

Assuming that appellant is correct in that punitive damages were added to the actual damages assessed by the jury, certainly it cannot be said that more than one-half of the damages assessed were punitive or "added damages" in this case, where a young father was wrongfully killed. We are unwilling to say that the small amount of $4,000, the amount of the official surety bond, is "added" or "punitive" damages.

 ██ ██ We do not agree with the contention of appellant that the appellees could not bring a suit upon

the Sheriff's bond after they had proceeded to judgment against the Sheriff and his Deputy in a previous court action. A suit upon a surety contract may be maintained although the liability on the contract grows out of a tort. We hold that a suit may be maintained against the surety bond of a sheriff in a suit separate from the suit in tort against the sheriff. State, ex rel. Weems v. United S. F. & G. Co., 157 Miss. 740, 128 So. 503 (1930).

 On the other hand — when a suit is maintained to establish a surety's liability growing out of statutory conditions written in the official surety bond — the surety is entitled to defend the charge that the officer had committed acts which established its liability. If this were not true, a judgment against the officer would be a judgment against the surety, although the surety had not been a party to the suit. The surety would thus be prevented from defending actions against bonds. It is obvious that this would open the door to collusive fraud between an officer and those who would sue the officer. Moreover, it would deny due process of law.

 In the instant case, the appellees in their declaration charged that the Deputy Sheriff, James H. Smith, in a wrongful and grossly negligent manner, while acting within the scope of his employment, shot and killed Melvin Ira Stringfellow, and that such death was the responsibility of the Sheriff of George County. This allegation was expressly denied by the appellant. The appellees offered no evidence to substantiate this charge, but chose to stand upon the judgment in the original suit to establish the liability of the appellant as surety on the bond of the Sheriff. We are of the opinion that unless the surety on the Sheriff's official bond is a party to the suit in which the original judgment is obtained against the Sheriff, the surety has the right to defend a charge against the officer in a suit brought to recover under the conditions of the bond separate and apart from the original tort action.

■■ We therefore hold that the trial judge properly directed a verdict in favor of the appellant against appellees and cross-appellants, as to the official surety bond of the officer set out in Count I of the declaration.

Count II of the declaration is in the nature of a creditor's suit in a court of equity, brought for the purpose of subjecting a debt of $10,000 due to the Sheriff under the terms of an indemnity contract between the Sheriff and the appellant, United States Fidelity & Guaranty Company. The insurer agreed to indemnify the Sheriff for any loss caused to the insured indemnitee through the failure of any of his employees to perform faithfully their duties. The record shows that a judgment of $25,000 had been established against the Sheriff because of the failure of the Deputy Sheriff to perform faithfully his official duties; that as a result of this judgment, the Sheriff had a loss of more than $10,000 by reason of the sale of certain of his property under an execution. Thus it is claimed that the judgment holders, appellees, are entitled to have the debt due to the Sheriff by the appellant, United States Fidelity & Guaranty Company, paid to appellees under the terms of the contract.

The appellant points out that the declaration was filed in the circuit court instead of the chancery court; that under the law of indemnity contracts, the appellant's obligation is to the Sheriff, and not a third party; that a suit cannot be maintained by anyone except the insured indemnitee; that the indemnitor does not owe appellees anything under the terms of its "Public Employers Blanket Bond." We agree with the general law pointed out by the appellant, but the problem here is whether or not this Court can reverse this case because of the fact that the circuit court assumed jurisdiction of an equity case.

■■ The trial judge directed a verdict in favor of the appellees against the appellant for the sum of $10,-

000, the full amount of the obligation of the indemnity bond. His action was based upon the equitable principle that a judgment creditor of an indemnitee may recover for a debt due from an indemnitor to the indemnitee under the indemnifying contract of insurance. A careful examination of this very interesting record and the briefs of counsel leaves us with the one ultimate conclusion, namely: This is an equity case. No other proceeding could be had because the Sheriff was a necessary party in order to recover on the indemnifying bond.

Although Mississippi Constitution 1890 section 157 provides that suit "brought in the circuit court whereof the chancery court has exclusive jurisdiction shall be transferred to the chancery court," no motion was made to transfer the suit to the proper court. When the case had been concluded, both appellant and appellees requested a directed verdict. The judge entered an order in favor of the appellant on Count I and for appellees on Count II.

On appeal to this Court, we are confronted with Mississippi Constitution 1890 section 147, as follows:

"No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy."

 We do not find any error in this record except that this case was tried in the circuit court instead of the chancery court. The circuit court reached the proper solution, and this Court will not reverse the judgment on the ground that it should have been tried

in a court of equity, rather than in the circuit court. The judgment of the circuit court will therefore be affirmed. We hold that the appellees and cross-appellant are not entitled to attorneys' fees.

Affirmed on direct and cross-appeal.

*Gillespie, P. J., and Brady, Inzer and Smith, JJ.,* concur.