269 So.2d 858 (1972)
William E. SNOWDEN, also known as Will Snowden, Defendant-Appellant,
v.
Leslie D. OSBORNE, Jr., Plaintiff-Appellee.
No. 46796.
Supreme Court of Mississippi.
November 27, 1972.
*859 Johnston & Felder, Pascagoula, for appellant.
Bryan, Gordon, Nelson & Allen, Charles A. Pitcher, Pascagoula, for appellee.
PATTERSON, Justice:
This is an appeal from a judgment of $33,500 awarded to Leslie D. Osborne, Jr., in the Circuit Court of Jackson County for actual and punitive damages resulting from an assault and battery inflicted upon him by William Snowden. Of this judgment $3,500 was for actual damages and $30,000 for punitive damages.
In March 1971 the plaintiff was employed as a timekeeper or office manager by the L & A Construction Company near the city of Pascagoula. One of his duties was to measure the amount of soil brought by various trucks to the construction site and to issue credit tickets therefor. The defendant owned two dump trucks which were engaged in transporting soil for the company.
Prior to the occasion in question there had been a discussion between the plaintiff and defendant concerning the measurement of the trucks' contents and the credit given therefor. It is apparent that the defendant *860 thought he was not being given proper credit for the soil transported by his trucks and that they were being unduly "cut" by the plaintiff.
On March 4, the defendant's trucks were again "cut" as not being fully loaded, leading to an altercation between the plaintiff and defendant. The evidence is sharply conflicting as to this affray. The plaintiff's version was that the defendant walked into a small building where he was engaged in work at his desk, directed an opprobrious remark to him, and then without warning struck him seven or eight times, knocking him from his chair and under a table. He also testified that he did not fight back nor did he in any way contribute to the assault.
On the other hand, the defendant and his witnesses maintained that the plaintiff struck the first blow with a sledge hammer handle and that the defendant reacted by pushing Osborne down and that he was in no way the aggressor.
After the altercation, the plaintiff experienced severe pains in his chest and requested to be taken to a hospital. Although he did not suffer a heart attack at this time, the attending physician, aware that the plaintiff had suffered two previous heart attacks, confined him to the hospital for rest and observation. It was the doctor's opinion that this precautionary measure was necessary to preclude a heart attack as well as to abate the chest pain which was not relieved by prior dosages of nitro-glycerin. It was also his opinion that the assault and resulting emotional upset contributed directly to the chest pains which required treatment and hospitalization. He testified that during his examination he noted an abrasion on the left cheek of the plaintiff's face and some swelling, but no other visible cuts or bruises from the fight. Osborne's medical expenses approximated $250 which included the cost of the hospital for two days.
The defendant contends on appeal that the jury verdict was against the overwhelming weight of the evidence and evinces bias and prejudice on their part. We have carefully considered the record and are unable to say that the verdict is contrary to the weight of the evidence or that it evinces bias or prejudice. In fact, it appears that the verdict was in accord with the preponderating evidence and that the award of $3,500 for actual damages, including apprehension, pain and suffering, was not excessive. The judgment will therefore be affirmed on compensatory damages.
The appellant further contends that the court erred in granting an instruction upon punitive damages and again argues that the verdict of the jury was excessive and particularly so with regard to the award of $30,000 for punitive damages. Exemplary or punitive damages are those, of course, which are in addition to the actual or compensatory settlement. They are granted in the nature of punishment for the wrongdoing of the defendant and as an example so that others may be deterred from the commission of similar offenses thereby in theory protecting the public. Yazoo & Mississippi Valley R.R. Co. v. May, 104 Miss. 422, 61 So. 449 (1913); Yazoo & Mississippi Valley R.R. Co. v. Hardie, 100 Miss. 132, 55 So. 42 (1911). See also U.S. Fidelity & Guaranty Co. v. State, 254 Miss. 812, 182 So.2d 919 (1966); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); West Bros., Inc. v. Barefield, 239 Miss. 530, 124 So.2d 474 (1960); as well as the discussion in 15 Am.Jur., Damages, § 265, p. 698 (1938).
The basis in awarding such damages to the injured party is that of rewarding an individual for public service in bringing the wrongdoer to account. Fowler Butane Gas Co. v. Varner, supra; Neal v. Newburger Co., 154 Miss. 691, 123 So. 861 (1929); and Hines v. Imperial Naval Stores Co., 101 Miss. 802, 58 So. 650 (1911).
*861 In Wagner v. Gibbs, 80 Miss. 53, 31 So. 434 (1902), we held that an award of punitive damages for assault and battery may be made if the assault is of a wanton, malicious or brutal nature. This opinion was further developed in Anderson v. Jenkins, 220 Miss. 145, 155, 70 So.2d 535, 540 (1954), wherein we stated:
... Malice may be presumed from the manner in which an assault is made when considered in the light of the surrounding circumstances as shown by all of the evidence in the case.
As mentioned, the record reflects sharply conflicting evidence concerning the altercation which precipitated this suit. This conflict in evidence was sufficient to warrant the granting of a punitive damage instruction for the plaintiff since the evidence of the plaintiff, which was accepted by the jury, was ample to import malice to the defendant in striking the first and repeated blows to the body of the plaintiff without provocation. We therefore affirm the court in submitting the issue of punitive damages to the jury by an appropriate instruction.
The more difficult problem arises from the amount of the award for punitive damages. Though we have opined the instruction to be proper, we are nevertheless constrained to the opinion that there was insufficient evidence adduced to affirm a punitive award in the sum of $30,000. The record is silent as to the worth of the defendant although it does reveal that he had prior to this suit disposed of his real property without mentioning the consideration received. It is also silent as to the physical size of the combatants as well as their respective ages, and although these characteristics could have been and probably were observed by the jury, we have no such opportunity of observance. It is likewise silent as to whether the defendant had knowledge of the previous heart attacks suffered by the plaintiff which could be indicative of malice since he was found by the jury to be the aggressor. We are, in fact, on review, left in a complete quandary by the vacuum in the record as to the appropriateness of the judgment by way of punitive damages other than to say that it seems, on its face, to be disproportionate to the physical injuries inflicted. It is an insufficient basis for establishing a remittitur and particularly so since we stated in Yazoo & Mississippi Valley Railroad Co. v. Williams, 87 Miss. 344, 39 So. 489 (1905), the following:
... It is the long settled and uniformly adhered to rule in our jurisprudence that the amount of such punitory or exemplary damages is solely within the discretion of the jury, and, no matter what the sum of their finding might be, interference therewith, unless for exceptional causes, is discouraged ... the reason being that, as the jury are the sole judges of the amount which ought properly to be assessed in order to inflict adequate punishment, the courts should scrupuously avoid any undue interference with their prerogative... . (87 Miss. at 355-356, 39 So. at 491).
To the same effect see Yazoo & Mississippi Valley Railroad Co. v. May, 104 Miss. 422, 61 So. 449 (1913).
The appellant next contends that the court erred in permitting evidence of the defendant's bad reputation to be introduced. We find no error by this assignment since it appears that the appellant delved as deeply into reputation as did the appellee and hence is in no position to pursue the issue.
We are of the opinion that the ends of justice will be better served by reversing that portion of the judgment awarding punitive damages and remanding the cause to the Circuit Court of Jackson County for a hearing upon the question of punitive damages only.
Affirmed as to compensatory damages; reversed and remanded as to punitive damages.
RODGERS, P.J., and JONES, INZER and ROBERTSON, JJ., concur.